UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ROBERT HENRY RIVERNIDER, JR,**

    **Petitioner,**

v.                                    Case No: 5:25-CV-436-WWB-PRL

**SHERIFF, MARION COUNTY JAIL,**

    **Respondent.**

---

### ORDER FOR ALL CONFINED, PRO SE LITIGANTS

To ensure that you are aware of the rules that you must follow, the Court provides this notice to you. This order highlights some of the commonly applicable rules below. Because other rules also apply, you should not rely on this order as limiting the duties that you have in this case. Your failure to comply with the rules or any Court order could result in sanctions, including dismissal of your case.

**1. Complying with the rules**

This Standing Order serves to advise you—the confined, pro se litigant—of some, but not all, of the procedural rules with which you must comply. Because other rules also apply, you should not rely on this Order as limiting the duties that you have in this case. The Court reminds you of these obligations because pro se litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure ("Rule(s)") and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)"). Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). And if you filed a petition for habeas corpus under either 28 U.S.C. § 2241 or § 2254, you must comply with the Rules Governing Section 2254 Cases In The United States District Court. Your failure to comply with the rules or any court order could result in sanctions, including dismissal of your case.

A copy of the Local Rules can be obtained from the Clerk's Office at 207 N.W. Second Street, Ocala, Florida, 34475, or reviewed (and downloaded), along with additional information about proceeding in a civil action without a lawyer, including a Guide for Proceeding Without a Lawyer, at the Court's website (https://www.flmd.uscourts.gov/).

**2. Filing fee**

While Local Rule 1.05(c) provides that the Clerk shall accept for filing all prisoner cases filed with or without the filing fee or application to proceed in forma pauperis (IFP), 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5."[1] To ensure the just, speedy, and inexpensive determination of every matter you shall pay the filing fee or file a motion to proceed IFP **within 30 days of the filing** of your case. (https://www.flmd.uscourts.gov/fees-for-filing-a-case)

### 3. Local Rule 6.04[2] (Court Forms and Payment of Filing Fee)

Local Rule 6.04 applies to actions filed by persons in custody and requires the use of the Court's form for the action you are filing and warns that the failure to pay a fee can result in dismissal. A person in custody filing an action that fails to use the Court's approved form is warned that failure to do so can result in dismissal of the action. **If you failed to use the Court form when you filed your action and fail to file an amended complaint/petition on the appropriate Court form within 21 days from the date of this order, your action may be dismissed without further notice.** (https://www.flmd.uscourts.gov/forms/all/litigants-without-lawyers-forms)

If you are seeking relief for a civil rights violation and/or Federal Tort Claims Act violation, you must use form Pro Se 14 "Complaint for Violation of Civil Rights (Prisoner)" (http://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-prisoner).[3]

---

[1] If you are not proceeding IFP in a civil action, pursuant to 28 U.S.C. § 1914(b) the "clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." That fee is an administrative fee of $55.

[2] Rule 6.04 Action by a Person in Custody
    (a) REQUIRED FORM. A pro se person in custody must use the standard form — available without charge from the clerk and on the court's website — to file:
        (1) an application under 28 U.S.C. § 2241,
        (2) an application under 28 U.S.C. § 2254 or a motion under 28 U.S.C. § 2255, or
        (3) a complaint, such as a 42 U.S.C. § 1983 complaint, that alleges a violation of the United States Constitution or other federal law by a governmental official.
    (b) FEE. In an in forma pauperis action by a person in custody, the judge can order the person to pay the clerk's and the marshal's fee. Failure to pay can result in dismissal of the action.

[3] When using form Pro Se 14 "Complaint for Violation of Civil Rights (Prisoner)": **(1) Jurisdiction**. In Section II.A., select your basis for jurisdiction. If you are suing the United States under the Federal Tort Claims Act (28 U.S.C. § 1346), write in "United States (a FTCA claim)." **(2) Claims**. State the facts that support your claim or claims. The claims raised in this action must relate to the same basic incident or issue. Any other claims must be addressed in a separate civil rights complaint. When presenting the facts in the complaint, it is unnecessary to make legal arguments or provide case citations. You may attach as exhibits to your complaint any documents related to the exhaustion of your administrative remedies. Otherwise, you will be advised when the submission of argument or evidence in support of your claim or claims is appropriate.

4. **Service**

   **a. Petition for Habeas Corpus**

   After the Court's initial review of a habeas corpus petition, regardless of whether you are proceeding IFP, the Court may direct the Clerk of Court to send a copy of the petition to the respondent(s) and order a response from the respondent(s).

   A respondent is not required to respond to the petition unless ordered to do so by the Court. Default is inappropriate in habeas corpus proceedings. Once the Court has ordered a response and counsel for respondent(s) has appeared in the case, any documents you file with the Court must also be sent to counsel for respondent(s).

   **b. Civil Case**

   In a civil case (for example, a civil rights action or negligence action), if IFP is granted, the Court may direct that your complaint be served by the U.S. Marshals on the opposing party or parties.

   If you have paid the filing fee, then unless the Court expressly says otherwise (see, for example, Fed. R. Civ. P. 4(c)(3)), **you are responsible** for complying with service of process. The service of process rules, which are simply the rules that ensure that a defendant has timely received a copy of the summons and complaint (and thus provide the defendant with direct notice of your lawsuit) are found in Fed. R. Civ. P. 4 and Local Rule 1.10. You must serve each defendant in the manner specifically set forth in the Rules with a copy of the summons and complaint within 90 days after you have filed the complaint. It is your responsibility to timely comply with the Rules, and if you do not, your case may be dismissed.

5. **Filing documents with the Court**

All of the documents that you file with the Court have to be in the form of a pleading, a motion, or a notice. A pleading is the complaint (and any amended complaint) or your petition. A motion is any document in which you ask the Court for something. A notice is any document in which you provide pertinent information without asking the Court for something. All of the documents that you file with the Court must comply with the privacy

---

In addition to setting forth facts in Section IV.D of the complaint showing how each Defendant was personally involved in the alleged wrongful act: (a) If you are suing an entity (in addition to or as opposed to an individual) under 42 U.S.C. § 1983, you must set forth facts in that section that establish the existence of that entity's custom, policy, or practice and how your rights were violated as a result of it; and/or (b) If you are suing the United States under the Federal Tort Claims Act (28 U.S.C. § 1346), you must set forth facts in that section that establish the negligent or wrongful act or omission of any employee of the Government while acting within the scope of their office or employment and how the conduct or omission caused your injury or loss of property, or personal injury or death.

protections set forth in Fed. R. Civ. P. 5.2. And all of the documents that you file with the Court must include the following:

   a. **Caption**. A caption at the top of the first page that has the name of the Court (United States District Court, Middle District of Florida, Ocala Division), the names of the parties, and the case number.

   b. **Title**. A title that describes the document (for example: Motion for Extension of Time to Respond to Defendant's Summary Judgment Motion).

   c. **Memorandum**. Within your motion (<u>and not as a separate document</u>), a legal memorandum with citations to authority that support your request from the Court. Your motion, including your memorandum, must be typewritten or legibly printed on 8 1/2 x 11 inch white paper, with one inch margins on all sides, and may not be more than 25 pages in length without prior approval from the Court.

   d. **Name and Signature**. Your full name and your original signature. Among other things, a party's signature serves as certification, pursuant to Rule 11(b), that the document is not submitted for any improper purpose, that the claims or defenses presented in it are warranted by existing law, and that there exists reasonable factual support for the allegations or assertions made.

   e. **Certificate of Service**. A certificate of service certifying that you sent the document to each defendant and stating the date that you sent the document, how you sent the document (for example, by United States Mail, Federal Express, or hand delivery), and the address to which you sent the document.

For more information on filing documents with the Court, please also see Fed. R. Civ. P. 5–11 and Local Rules 1.08, 1.09, & 3.01.

6. **Responding to motions**

You must timely respond to any motion filed by each defendant or respondent. Unless otherwise ordered by the Court, Under Local Rule 3.01(c), you must file any response within **14 days** after the motion is served. However, the Local Rule and this Standing Order provide an extended response time for certain motions. You have **21 days** to file a response to a motion for judgment on the pleadings, to exclude or limit expert testimony, for a new trial, or to alter or amend the judgment, and you have **45 days** to file a response to a motion to dismiss or motion for summary judgment. If you miss a filing deadline, you must file a motion asking the Court to allow you to file your response late. If you do not respond to a motion, the Court will assume that you do not oppose the relief requested in the motion.

7. **Directly corresponding with the Court prohibited**

You may **not** directly correspond with the Court (or any individual judge) in the form of

letters or similar documents. Instead, everything that you submit for the Court's consideration must be filed through the clerk's office. The Court will not respond to anything that is not filed through the clerk's office, will strike it from the case file, and will return it to you.

8. **Your records**

You should keep one copy of all documents you file or receive in this case for your personal records. Any documents you request to have copied from the Court file must be accompanied by a check or money order to cover the costs of copying. The rate is 50 cents per page. Photocopy work must be paid in advance and you must pay for copies even if you are granted leave to proceed IFP.

9. **Change of address**

Throughout this case, you are required to advise the Court in writing of any change in your mailing address by filing a Notice of Change of Address. As with every document you file with the Court, you must send a copy of your Notice of Change of Address to each defendant or Respondent and include a certificate of service.

You will be notified as soon as any action is taken in your case. The Court will mail to you a copy of every order entered by the Court to the last address it has on file. Your failure to keep the Court advised of your current address may result in the dismissal of your case.

10. **Motion Style and Redaction**

The first attachment is an example of how a motion should be set up. The second attachment (an excerpt from the U.S. District Court, Middle District of Florida, Administrative Procedures for Electronic Filing, pages 8-9) explains electronic filing and requires that you ensure that all private information has been redacted from your filings.

    **Done and Ordered** in Ocala, Florida, on July 14, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

c:

# ATTACHMENT 1

(Pleading format. Provided as a sample)

UNITED STATES DISTRICT COURT MIDDLE
DISTRICT OF FLORIDA
OCALA DIVISION

_____

      Plaintiff(s),

v.                                             Case Number_____

_____

      Defendant(s).

                                          *[Title of Document]*

*[Body of pleading]*

                                                      Respectfully submitted,

                                                      *[Name]*
                                                      *[Address] [Telephone Number]*

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been furnished by *[U.S. Mail, hand delivery, facsimile, etc.]* to *[Name and address of opposing counsel]*, this *[30th]* day of *[September]*, Year.

                                                        *[Signature]*

**ATTACHMENT 2**

(Excerpt from the U.S. District Court, Middle District of Florida, Administrative Procedures for Electronic Filing, pages 8-9)

**G.   Redaction**

1. **Responsibility for redaction.** It is the responsibility of every lawyer and pro se litigant to redact personal identifiers before filing pleadings, motions, memoranda, exhibits, and other documents with the court. The clerk's office will not review documents for compliance with this rule, seal on its own motion documents containing personal identifiers, or redact documents, whether filed electronically or in paper form. The filing party is responsible for verifying that appropriate and effective methods of redaction have been used.

2. **Redaction rules.** To comply with the policy of the Judicial Conference of the United States and the E-Government Act of 2002, Pub. L. No. 107-347, along with Fed. R. Civ. P. 5.2 and Fed. R. Crim. P. 49.1, filing parties must omit or, where inclusion is necessary, partially redact the following personal data identifiers from all pleadings, documents, and exhibits, filed with the court, whether electronically or in paper form.

   a. Minor's name: Use the minor's initials;
   b. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number;
   c. Social Security numbers: Use only the last four digits;
   d. Taxpayer Identification numbers: Use only the last four digits;
   e. Dates of birth: Use only the year;
   f. Home address: Use only city and state (criminal cases only).

3. **Exemptions from the redaction rules.** The above redaction rules do not apply to:

   a. A financial account number or a real property address that identifies the property alleged to be subject to forfeiture in a forfeiture proceeding;
   b. A record of an administrative or agency proceeding;
   c. An official record of a state court proceeding;
   d. The record of a court or tribunal, if that record was not subject to redaction when originally filed;
   e. A filing exempted under Federal Rules of Procedure;
   f. A pro se litigant filing an action brought under 28 U.S.C. §§ 2241, 2254, or 2255;
   g. An arrest or search warrant; and
   h. A charging document and an affidavit filed in support of any charging documents.