UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ROBERT HENRY RIVERNIDER, JR.,**

    Petitioner,

v.                                                                                                                 Case No: 5:25-cv-436-WWB-PRL

**SHERIFF, MARION COUNTY JAIL,**

    Respondent.
_____

### ORDER

Petitioner Robert Rivernider, Jr., a detainee of the Marion County Jail, initiated this action by filing a pro se pleading titled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), which the Court received on July 14, 2025. Importantly, however, when initiating this case, Petitioner failed to use the Court's standard form and in doing so failed to provide the Court with all the information required by the form. *See* M.D. Fla. R. 6.04 ("A pro se person in custody must use the standard form …."). In the Court's standing order, Petitioner was advised that if he failed to use the Court's form and failed to file an amended petition on the Court's form within 21 days, his action may be dismissed without further notice. (Doc. 2 at 2). Petitioner did not file an amended Petition on the Court's form within the time allotted.

Instead, Petitioner has filed a second petition titled Emergency Petition for Writ of Habeas Corpus and Motion for Expedited Hearing on Ongoing Constitutional Violations (Doc. 4), which was received by the Court on August 7, 2025. However, despite the title of his pleading, upon review of the grounds asserted and the relief sought, it is unclear what type of action Petitioner seeks to bring. In his second petition—which again was not filed on the

Court's standard form—Petitioner alleges he is being held in the Marion County Jail "against his will and without lawful justification" but also asserts violations of his Sixth and Eighth Amendment rights. (Doc. 4 at 1–2).

If Petitioner seeks to challenge his pre-trial detention, he may initiate a habeas corpus case pursuant to 28 U.S.C. § 2241. A writ of habeas corpus is the vehicle through which a prisoner challenges the execution of his sentence and through which he seeks immediate or speedier release. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017).

Alternatively, if Petitioner intends to file a civil rights complaint, he is advised he must use the Court's standard form. The form requires a plaintiff to include detailed information regarding the defendants a plaintiff intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests.

The **Clerk** is directed to send Petitioner a blank § 2241 habeas corpus form and a blank civil rights complaint form. Within **21 DAYS** of the date of this Order, Petitioner shall complete and file the applicable form for the appropriate action he wishes to pursue. **Petitioner is cautioned that failure to comply with this Order in the time allotted will result in the dismissal of this case without further notice.**

Further, Petitioner's request for an "expedited hearing to consider the merits of [his] petition and the constitutional violations alleged" is **DENIED**. Petitioner has not filed a petition in accordance with the Court's orders or Local Rules, nor has any pleading been served on the appropriate party. This matter is not ripe for review.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 11th day of August 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to: Pro Se Party